SLIP OPINION



Cite as 2014 Ark. App. 48

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–13–566

| | |
|---|---|
| TERRY W. TERRELL<br><br>APPELLANT<br><br>V.<br><br>FREDERICK C. HAGER and SHARON T. HAGER<br><br>APPELLEES | **Opinion Delivered** January 22, 2014<br><br>APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. CV–2011–203]<br><br>HONORABLE EDWARD T. SMITHERMAN, JUDGE<br><br>AFFIRMED |

## BILL H. WALMSLEY, Judge

Appellant Terry Terrell appeals from the trial court's orders striking his response to appellees' petition for partition and denying his motion to set aside. Appellant argues that the trial court's discovery sanction was an abuse of discretion. We affirm.

On October 19, 2011, appellees filed a petition for partition of lands in Polk County. They claimed to own the property as tenants in common with appellant and requested that the property be equitably divided or that it be sold with the proceeds divided. Appellant answered and claimed that he was the sole owner of the property.

On January 19, 2012, appellees filed a motion to compel, claiming that appellant had failed to respond to their first set of written interrogatories and requests for production of documents submitted on November 14, 2011. Appellees claimed that their efforts to secure responses, including correspondence dated December 28, 2011, had failed. Appellees filed a second motion to compel on September 20, 2012. They alleged that appellant had provided

incomplete responses to the first set of discovery and had not responded at all to a second set of discovery. Correspondence requesting responses by August 10, 2012, had elicited no response.

The trial court entered an order on October 1, 2012, compelling responses to discovery by the close of business October 3, 2012. The order was signed September 24, 2012, and purportedly mailed to appellant's attorney on September 26. On March 11, 2013, appellees filed a motion for sanctions and for judgment. They alleged that appellant had not complied with the court's order as of March 8, 2013. They requested that appellant's response be stricken and that they be granted their requested relief. On March 28, 2013, the trial court entered an order striking appellant's response and granting the requested relief.

On March 29, 2013, appellant filed a motion to set aside the order. He alleged that responses were hand-delivered on February 14, 2012, and supplemental responses were provided on or about March 6, 2013. He claimed that appellees had not been prejudiced. The trial court denied appellant's motion. He now appeals.

Arkansas Rule of Civil Procedure 37 provides, in part, that if a party fails to obey an order to provide or permit discovery, the court in which the action is pending may make such orders in regard to the failure as are just. Ark. R. Civ. P. 37(b)(2). Permissible sanctions include "an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Ark. R. Civ. P. 37(b)(2)(C).

The imposition of sanctions for the failure to provide discovery rests in the trial court's

discretion, and our supreme court has repeatedly upheld the trial court's exercise of such discretion in fashioning severe sanctions for flagrant discovery violations. *Calandro v. Parkerson*, 333 Ark. 603, 970 S.W.2d 796 (1998). There is no requirement that the trial court make a finding of willful or deliberate disregard under the circumstances before sanctions may be imposed for the failure to comply with the discovery requirements. *Id*. A court commits an abuse of discretion when it improvidently exercises its discretion, for example, when discretion is exercised thoughtlessly and without due consideration. *Ross Sys., Inc. v. Advanced Envtl. Recycling Techs., Inc.*, 2011 Ark. 473.

Appellant argues that the trial court far exceeded the reasonable bounds of discretion in striking his answer. He argues that the only materials that had not been provided to appellees at the time of the trial court's order were medical reports regarding Mr. Hager's father. Appellant contends that Mr. Hager could have obtained those reports himself. Appellant claims that appellees were not prejudiced by his delay because a trial date had not been set.

Appellees argue that appellant ignored the rules of civil procedure regarding discovery and ignored the orders of the trial court. We agree. Appellant's responses to the first set of discovery were not provided until three months after their transmission, despite a letter to appellant and a motion to compel. The responses appellant eventually provided were incomplete, as there was no information provided for five interrogatories and two requests for production. Incomplete responses are treated as a failure to respond. Ark. R. Civ. P. 37(a)(3). After further correspondence and a second motion to compel, appellant was ordered

3

to supplement his responses by October 3, 2012; however, more than five months passed before appellant responded further.

In *Ross*, *supra*, our supreme court affirmed the order striking Ross's answer based on a similar pattern of conduct that obstructed discovery. The supreme court noted that Ross failed to provide complete responses in the more than four months that passed between the trial court's order compelling responses and the order striking Ross's answer. Appellant here was given even more time to comply with the trial court's order. The trial court's decision was not thoughtless or made without due consideration; thus, we affirm.

Affirmed.

PITTMAN and HIXSON, JJ., agree.

*Orwin W. Foster*, for appellant.

*Hayes, Alford & Johnson, PLLC*, by: *Joel D. Johnson*, for appellees.