

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–14–751

| | |
|---|---|
| KENNETH RAMSEY<br><div align="right">APPELLANT</div><br>V.<br><br>DR. LAWRENCE DODD and HOT SPRINGS BONE & JOINT CLINIC, P.A.<br><div align="right">APPELLEES</div> | **Opinion Delivered** February 25, 2015<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CV–2013-562-I]<br><br>HONORABLE LYNN WILLIAMS, JUDGE<br><br>AFFIRMED |

## M. MICHAEL KINARD, Judge

Kenneth Ramsey appeals from an order dismissing with prejudice his medical-malpractice complaint as a sanction for discovery violations. He contends that the trial court abused its discretion in dismissing his claim. We affirm.

Appellee Dr. Lawrence Dodd performed surgery on appellant's wrist on April 4, 2010. Dr. Dodd allegedly was an employee of appellee Hot Springs Bone & Joint Clinic, P.A. Appellant filed his complaint against appellees on July 22, 2013, asserting medical malpractice.[1] Appellant alleged that Dr. Dodd acted negligently in diagnosing his condition and in performing the surgery, leaving appellant with nerve damage, causing him pain and suffering, and requiring additional medical treatment. Appellees answered and, on August

---

[1]Appellant had sued appellees for these claims once before. That complaint was nonsuited and dismissed without prejudice by orders of August 28, 2012, and October 3, 2012.

8, 2013, served appellant with three sets of interrogatories, three sets of requests for production of documents, and requests for authorizations to obtain appellant's medical, educational, employment, tax, and Social Security records. Although appellant was obliged to answer the discovery requests within thirty days, *see* Ark. R. Civ. P. 33(b)(2) & 34(b)(2), appellant did not respond to any of the requests or provide the requested authorizations.

Approximately four months later, on December 3, 2013, appellees sent a "good-faith" letter to the attorney for appellant requesting appellant's responses no later than January 3, 2014. *See* Ark. R. Civ. P. 37(a)(2). Appellant's attorney responded with an e-mail stating simply that she was "working on it." On January 10, over five months after the discovery requests were made and over four months after responses were due, appellees filed a motion with the trial court seeking an order compelling appellant's compliance. Appellant did not respond to the motion to compel.

On February 26, the trial court ordered appellant to provide "complete and comprehensive" responses to all of appellees' interrogatories and requests for production of documents. It also ordered appellant to deliver to appellees executed authorizations for appellant's medical, educational, employment, tax, and Social Security records. Appellant was given ten days to comply. The order specifically stated that appellant's failure to comply would result in the imposition of sanctions pursuant to Rule 37, including the possibility that appellant's complaint would be dismissed with prejudice.[2]

---

[2]The trial court also entered another order on February 26. As the cause of action was then over four years old and this second complaint had been pending for over seven months, the second order was a pretrial order. It directed the parties to file pretrial briefs no later than

SLIP OPINION

On March 10, appellant provided the requested authorizations and his responses to the discovery requests. Responses to a number of the interrogatories and requests for documents were incomplete at best. Others were not answered at all beyond stating "[t]his has not been determined at this time." Appellant did not lodge any objections or seek any protective order. On May 12, appellees filed their motion for sanctions under Ark. R. Civ. P. 37, seeking an order dismissing appellant's complaint. On May 14, appellant responded to the motion for sanctions and attached an unsigned and undated "revised" set of responses to the interrogatories setting forth some, but not all, of the missing information.

On May 28, the trial court entered an order granting the motion for sanctions and dismissed the complaint. The court noted that appellant had failed to provide any responses to appellees' discovery requests for a full seven months after they were served. The court pointed out that appellant took no action in response to the appellees' December 2013 "good-faith" letter and failed to respond to the January 2014 motion to compel. The court further noted that it had warned appellant in the February 2014 order that failure to provide discovery within thirty days would result in sanctions and that those sanctions might include dismissal of the complaint with prejudice. The court ruled that appellant violated the February order by providing answers that were not "complete and comprehensive" when

---

April 28. The briefs were to contain a number of matters, including a summary of the claims, defenses, supporting facts, and relief sought; all proposed stipulations; the issues of fact and law expected to be contested; a list and description of exhibits to be offered in evidence; and the names, addresses, and phone numbers of witnesses who would be called at trial. Appellees' ability to fully comply with the pretrial order obviously depended in part on appellant's compliance with the discovery order.

he did finally respond. Finding that appellant's failures were flagrant, and noting that the case had been nonsuited once before, the court made this second dismissal one with prejudice. *See* Ark. R. Civ. P. 41(b).

On appeal, appellant contends that the trial court erred in dismissing the complaint with prejudice. He concedes that he did not comply for seven months after discovery was requested, ignoring along the way appellees' "good-faith" letter and motion to compel discovery. However, he argues that he substantially complied after the court issued its order on the motion to compel. He attempts to excuse his failures to answer and incomplete answers thereafter by asserting that he provided all of the information that he then had. In the end, he argues that his failures to provide discovery were not flagrant and that the trial court should have used a less drastic sanction than dismissal to punish his inaction. We find no reversible error.

If a party fails to answer an interrogatory or fails to respond to a request for inspection or to permit inspection, the discovering party may move for an order compelling an answer or inspection. Ark. R. Civ. P. 37(a)(2). If a party fails to obey an order to provide or permit discovery, the trial court may make such orders as are just, including prohibiting the disobedient party from introducing the designated matters into evidence; striking out pleadings or parts thereof; dismissing the action; rendering judgment by default against the disobedient party; treating the disobedience as contempt of court; and requiring the disobedient party or his attorney to pay the reasonable expenses and attorney's fees caused by the failure to comply. Ark. R. Civ. P. 37(b). The imposition of sanctions for the failure

4

to provide discovery rests in the trial court's discretion, and our courts have repeatedly upheld the trial court's exercise of such discretion in fashioning severe sanctions for flagrant discovery violations. *Calandro v. Parkerson*, 333 Ark. 603, 970 S.W.2d 796 (1998); *Terrell v. Hager*, 2014 Ark. App. 48; *Graham v. Sledge*, 28 Ark. App. 122, 771 S.W.2d 296 (1989). There is no requirement that the trial court make a finding of willful or deliberate disregard under the circumstances before sanctions may be imposed for the failure to comply with discovery requirements. *Terrell*, *supra*. A court commits an abuse of discretion when it acts thoughtlessly, improvidently, or without due consideration. *Ross Systems, Inc. v. Advanced Environmental Recycling Technologies, Inc.*, 2011 Ark. 473; *Hardesty v. Baptist Health*, 2013 Ark. App. 731, 431 S.W.3d 327.

Here, the cause of action arose over four years before the dismissal from which this appeal was taken. The lawsuit had already been dismissed once before. After the case was refiled almost a year later, appellant failed to respond in any way to appellees' discovery requests for a full seven months. In that time, he also ignored appellees' "good-faith" letter and failed to respond to the motion to compel.

Appellant's first attempt to respond to discovery came on the last day to act under the trial court's order compelling his responses, which was six months after they originally had been due. *See* Ark. R. Civ. P. 33(b)(2) and 34(b)(2). Even then, however, his answers were far less than "complete and comprehensive." For example, appellant offered the following one-sentence response when asked for the names of medical witnesses, subject matter of their expected testimony, substance of the facts and opinions to which they would testify, and a

summary of the grounds for each opinion: "Dr. [Kevin] Rudder will testify that Dr. Dodd did not use the standard of care while providing a service to me when I broke my wrist." As to other interrogatories about medical-care providers, appellant gave names and addresses of two physicians and two facilities. He named another doctor and another facility but provided no addresses. He failed to respond to requests for phone numbers, the treatment received, and the dates of treatment. Appellant also failed to give addresses and phone numbers for several of his former employers and failed to list his duties and supervisors at those jobs. Despite the fact that appellant claimed over $300,000 in medical expenses, when asked to produce documents relating to medical expenses and bills and to whom they were owed or had been paid, he simply said, "This has not been determined at this time." He gave the same response to a request that he produce any letters, documents, or opinions written by any expected expert medical witnesses, despite the fact that he had identified Dr. Rudder as a standard-of-care witness. Appellant also denied having an affidavit from an expert medical care provider establishing reasonable cause for having filed the malpractice action, despite the fact that such an affidavit is required to be filed with the court in order to establish reasonable cause for filing an action for medical injury due to negligence. *See* Ark. Code Ann. § 16-114-209(b) (Repl. 2006).[3] The above list is not exhaustive.

---

[3]While our supreme court has struck the statute's provision for mandatory dismissal if the affidavit is not filed within thirty days after the complaint, *see Summerville v. Thrower*, 369 Ark. 231, 253 S.W.3d 415 (2007), section 16-114-209(b) remains valid in other respects.

It is true that appellant's attorney attached "revised" interrogatory answers to her response to appellees' May 2014 motion for sanctions. However, that was over two months beyond the deadline for complete responses set by the trial court in its February order on the motion to compel. Moreover, the answers still were not complete. Finally, according to the record before us, the revised responses were unsigned and unsworn. *See* Ark. R. Civ. P. 33(b) (requiring that interrogatories be answered in writing under oath and signed by the party).

From our review of this record, we cannot conclude that the trial court abused its discretion. While the dismissal of a complaint with prejudice is obviously a severe sanction, dismissal is a sanction expressly provided for under Rule 37 when a party fails to comply with an order to provide discovery, and it is crucial to our judicial system that trial courts retain the discretion to control their dockets. *Calandro*, *supra*. "Appellant, as plaintiff, chose to utilize the court system to redress wrongs that had allegedly been done to [him]. When invoking such aid, a plaintiff should be prepared and willing to follow the rules that keep the system running in an orderly and efficient manner." *Calandro*, 333 Ark. at 608, 970 S.W.2d at 799 (citations omitted). The trial court was in a superior position to judge the actions and motives of the litigants, and we will not second guess its ruling in this case. *See Lake Village Health Care Center, LLC v. Hatchett*, 2012 Ark. 223, 407 S.W.3d 521; *Calandro*, *supra*.

Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*Wallace, Martin, Duke and Russell, PLLC*, by: *Valerie L. Goudie*, for appellant.

*Malcom Law Firm*, by: *J. Phillip Malcom* and *Glenn Ritter*, for appellees.