

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-15-563

| | | |
|---|---|---|
| VIJAY PATEL, M.D. | | **Opinion Delivered** December 16, 2015 |
| | APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CV-08-424] |
| V. | | |
| YOGIN PATEL | | HONORABLE MARCIA HEARNSBERGER, JUDGE |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant Vijay Patel appeals the Garland County Circuit Court's judgment awarding appellee Yogin Patel[1] $130,000 on an unpaid promissory note, post judgment interest, and attorney's fees. On appeal, Vijay argues that the circuit court erred by (1) finding that the handwritten agreement represented a binding contract, (2) applying a five-year statute of limitations, (3) failing to give Vijay credit for loans paid to Yogin throughout the 1990s, and (4) granting attorney's fees. We affirm the judgment.

Vijay is a doctor who lives in Chicago. He also owns several hotels across the country. In the 1980s, Vijay helped his friend Yogin immigrate to the U.S. from India. Vijay gave Yogin a job as a manager of one of his hotels. Vijay claims that, throughout the 1990s, he made numerous loans to Yogin totalling $227,500. Yogin used some of this money to purchase minority interests in some of Vijay's hotels. Vijay also made loans to Yogin's brother, Atul, and Atul also used the money to purchase minority interests in Vijay's hotels.

---

[1] Vijay Patel is not related to Yogin Patel or Atul Patel.

SLIP OPINION

In 2003, in order for Vijay to be able to sell two of his hotels in Hot Springs, he entered into agreements with Yogin and Atul to buy back their minority interests in those hotels. Vijay executed hand-written "agreements" with both brothers. The agreement that Vijay executed with Yogin stated that

> Yogin Patel agrees to sell assets of 5% shares he holds in Hot Springs Host, Inc. and 5% shares of Hot Springs Express Host, Inc. for consideration of $130,000, to Vijay Patel. Vijay shall give promissory note of $130,000.00 to Yogin Patel.

Vijay's agreement with Atul provided that he would give Atul a promissory note of $120,000, but it also acknowledged Atul's debt from the loans Vijay gave him throughout the 1990s.

Yogin filed a complaint against Vijay on April 2, 2008, alleging that Vijay had never paid the promissory note and owed him $130,000 plus interest. Vijay answered, denying the allegations and counterclaiming for the money he had loaned Yogin throughout the 1990s. After a bench trial on November 14, 2014, the Garland County Circuit Court ruled in favor of Yogin. The court granted judgment in favor of Yogin for $130,000, ten percent post judgment interest, and attorney's fees. Vijay filed a timely appeal.

In civil bench trials, the standard of review on appeal is whether the circuit court's findings were clearly erroneous or clearly against a preponderance of the evidence. *Tadlock v. Moncus*, 2013 Ark. App. 363, at 3, 428 S.W.3d 526, 529 (citing *Rooke v. Spickelmier*, 2009 Ark. App. 155, 314 S.W.3d 718). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with a firm conviction that a mistake has been committed. *Id.*

Vijay first argues that the circuit court erred in finding that the agreement was a binding contract obligating Vijay to pay Yogin $130,000. Vijay argues that the written

SLIP OPINION

document was missing key elements necessary to form a contract and that he never intended to be bound by the document. Vijay argues that, because the terms of the agreement simply stated that he "shall give a promissory note" to Yogin, the contract lacked any obligation to pay or any terms of payment and therefore was insufficient to form a binding contract. We disagree.

The agreement stated that "Yogin Patel agrees to sell assets of 5% shares he holds . . . for consideration of $130,000, to Vijay Patel." It is clear that the contract contemplated the sale of shares for a specific monetary amount. It is undisputed that Yogin transferred his interest in the shares to Vijay, and it is undisputed that Vijay never executed the promissory note or paid Yogin. Vijay argues that our case law recognizes that parties may enter into preliminary agreements with the understanding that they would not be bound until a more formal contract was later executed. However, this case does not fall within that category. There is no indication that the written "agreement" was intended to be a preliminary negotiation rather than a final, binding contract. Supporting Yogin's position is the fact that Vijay executed a similar agreement with Atul, but that agreement referenced the fact that Atul owed Vijay a debt for the loans he had extended to Atul throughout the 1990s. Vijay's agreement with Yogin does not mention the loans or any debt. The terms of Vijay's agreement with Yogin were clear: a sale of Yogin's shares in exchange for $130,000. We therefore affirm the circuit court's finding that the "agreement" represented a binding contract.

Vijay next argues that the circuit court applied the wrong statute of limitations. As discussed above, Vijay argues that the written agreement does not contain all the terms that

would be necessary for a written agreement, making it essentially an oral agreement to which the three-year statute of limitations found in Arkansas Code Annotated section 16-56-105 should have applied. The circuit court applied the five-year statute of limitations applicable to breach-of-contract claims pursuant to Arkansas Code Annotated section 16-56-111. Because we disagree with Vijay's contention that the written agreement lacked necessary terms and merely contemplated a future contract, we also disagree with his argument that the statute of limitations applicable to oral agreements was controlling. Here, there was a clear, binding, written contract, and the circuit court properly applied the five-year limitations period.

Vijay also argues that the circuit court erroneously ruled that his claims for offset based on repayment of the loans he made to Yogin during the 1990s were barred by the statute of limitations. He argues that, because the parties agreed that repayment of the loans would come out of the 2003 agreement to buy back Yogin's minority interest in the hotels, the statute had not run. He also cites *Little Rock Crate and Basket Co. v. Young*, 284 Ark. 295, 681 S.W.2d 388 (1984) for the rule that the statute of limitations does not apply to the affirmative defense of offset. In addition to ruling that Vijay's offset defense was barred by the statute of limitations, the circuit court also found that Vijay failed to prove what, if anything, Yogin owed him pursuant to the loans and was therefore not entitled to any offset. Vijay has not challenged the circuit court's finding as to failure of proof. When a circuit court bases its decision on more than one independent ground and the appellant challenges fewer than all of those grounds on appeal, we will affirm without addressing any of the grounds. *Duke v. Shinpaugh*, 375 rk. 358, 290 S.W.3d 591 (2009).

4

SLIP OPINION

Vijay's final point on appeal is that the circuit court incorrectly granted Yogin attorney's fees without stating why the fees were reasonable or providing a calculation for how the fees were determined. He also claims that the fees were granted without a proper motion under Rule 54(b). However, we cannot reach these issues because Vijay failed to raise an objection below, so they have not been preserved for appeal. Yogin requested attorney's fees in his complaint. The circuit court stated that it was awarding fees in its letter order and directed counsel to file a statement of services provided. Counsel did so, and the circuit court incorporated that information into the final order. At no point in this process did Vijay raise any objection to the circuit court related to the fee award. It is well settled that this court will not consider arguments raised for the first time on appeal. *Millsap v. Williams*, 2014 Ark. 469, 449 S.W.3d 291; *Brown v. Lee*, 2012 Ark. 417, 424 S.W.3d 817. Unless a party has no opportunity to object to a ruling of the circuit court, an objection must be made at the time of the ruling, and the objecting party must make known to the court the action desired and the grounds of the objection. *Olson v. Olson*, 2014 Ark. 537, at 7, 453 S.W.3d 128, 132–33; *In re Guardianship of S.H.*, 2012 Ark. 245, 409 S.W.3d 307; *Pearrow v. Feagin*, 300 Ark. 274, 778 S.W.2d 941 (1989). Vijay does not argue that he was denied an opportunity to object. Therefore, we cannot address his challenge to the fee award due to his failure to raise it below.

Affirmed.

GLADWIN, C.J., and GLOVER, J., agree.

*Legacy Law Group*, by: *Philip B. Montgomery*, for appellant.

No Response.