

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–15–1012

| | | |
|---|---|---|
| PHILIP ROBERTS | | **Opinion Delivered:** May 31, 2017 |
| | APPELLANT | |
| | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66CV–2013–101] |
| V. | | |
| ED DELL WORTZ | | |
| | APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
| | | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Philip Roberts appeals the Sebastian County Circuit Court's dismissal of his complaint with prejudice. On appeal, Roberts argues that the circuit court abused its discretion in dismissing his complaint for failing to supplement his discovery responses. We disagree and affirm.

This case has an extensive procedural history that involves two criminal prosecutions against Roberts in the United States District Court for the Western District of Arkansas. We begin by discussing the first criminal case. Specifically, on June 29, 2000, a federal jury convicted Roberts of two counts of willfully failing to file income tax returns for the 1993 and 1994 tax years in violation of 26 U.S.C. § 7203. The district court sentenced Roberts to sixteen months' imprisonment and a one-year term of supervised release. Roberts was released from prison on December 19, 2001.

On November 28, 2006, Roberts's car collided with Ed Dell Wortz's vehicle. On January 24, 2013, Roberts filed a complaint in the Sebastian County Circuit Court against Wortz for negligence arising out of the car accident.[1] Among other damages, Roberts asked for loss of future income and loss of earning capacity. The court set a discovery deadline for October 19, 2014, and a trial date for December 8, 2014.

On February 13, 2014, Roberts responded to Wortz's written discovery request that Roberts "list all lawsuits, civil, and criminal, in which [he had] ever been involved as a party." Roberts responded that he had been a party in a divorce proceeding and "a criminal lawsuit with the [Internal Revenue Service (IRS)] in 2000 in the Western District of Arkansas."

After Roberts had served Wortz with the response, on June 25, 2014, the United States Attorney for the Western District of Arkansas filed a criminal indictment against Roberts for interfering with the administration of the IRS by impeding or obstructing the duties of an IRS agent in violation of 26 U.S.C. § 7212(a). Roberts did not supplement his discovery response with the new indictment.

On October 24, 2014, Roberts filed a motion in limine in his civil lawsuit against Wortz requesting the court to exclude evidence of his 2000 tax conviction. He argued that the conviction is inadmissible under Arkansas Rule of Evidence 609 because ten years had elapsed since the conviction. He further asserted that the conviction would result in embarrassment, annoyance, and unfair prejudice to him. Also on October 24, 2014, Roberts

---

[1]Prior to the January 24, 2013 complaint, Roberts had filed a pro se lawsuit, which was subsequently nonsuited.

filed a motion in limine asking the court to exclude from evidence his IRS file, which showed his outstanding tax lien. He asserted that the file was irrelevant to his negligence claim and could reveal inadmissible and prejudicial evidence regarding his 2000 tax conviction. Roberts did not reference his 2014 criminal indictment in either motion.

On November 21, 2014, Wortz filed a motion to dismiss Roberts's complaint. She informed the court that she had independently learned that Roberts had an interest in Spinal Health & Wellness Research Center, LLC, and that Roberts had failed to disclose his interest in response to her discovery request for disclosures of any entities in which he has or had an interest. On December 4, 2014, the court issued a letter denying Wortz's motion to dismiss. The court stated:

> It appears to me there was in fact a discovery violation, however inadvertent it might have been. It also appears on the surface to be one that would likely have no impact on the issues to be tried. On the other hand this is according to each of you a multi–million dollar case that has been in litigation for years. I understand [Wortz's counsel]'s desire to investigate the matter fully and to not be forced into a situation where he is forced to take [Roberts]'s word on the matter without further inquiry on his part. Because the violation does not appear to have resulted from a sinister plan on behalf of [Roberts] or his witness, I will not dismiss the complaint nor will I prohibit evidence from being presented to support [Roberts]'s economic damage claim as requested in the motion.

On December 5, 2014, the court entered an order resetting the jury trial from December 8, 2014, to July 13, 2015.

On June 1, 2015, the circuit court entered an order denying Roberts's motion in limine to exclude his tax records. The court found that Roberts's tax records were relevant to his claim for loss of income. The court granted Roberts's motion in limine to exclude his prior tax conviction.

On June 22, 2015, Roberts appeared for a change–of–plea hearing concerning the June 2014 federal indictment. Roberts informed the court that he wanted to enter a plea agreement, but he asked the court to continue the hearing until after his civil suit against Wortz had concluded. Roberts's criminal attorney stated that Roberts's civil attorney had asked him to make the request because he was "concerned how a felony conviction would . . . impact [the civil] trial." He also noted that if Roberts prevailed in the civil suit, he would receive a substantial recovery and could use the funds to satisfy his tax liability. The court denied Roberts's request, and Roberts entered a guilty plea.

On June 30, 2015, Roberts filed a motion for clarification of evidentiary rulings in the civil litigation. Roberts again argued that the evidence regarding his tax lien was inadmissible.

Following the entry of Roberts's guilty plea, Wortz's attorney independently learned of the proceedings from a local newspaper, and on July 6, 2015, Wortz filed a second motion to dismiss Roberts's complaint alleging that Roberts had willfully and fraudulently concealed the June 2014 indictment and his guilty plea by failing to supplement discovery requests. Wortz pointed out that on February 13, 2014, Roberts had responded that he had been involved only in a divorce proceeding and the 2000 criminal proceeding; however, after the federal government had filed the indictment on June 24, 2014, Roberts failed to supplement his response. Wortz argued that Roberts's intent to conceal the 2014 indictment was highlighted by Roberts's motions in limine, filed four months after the federal government had indicted him, which requested the court to exclude his IRS tax file and his 2000 tax conviction. She further alleged that Roberts had attempted to postpone his criminal

trial until the civil trial concluded in further efforts to conceal the proceedings from Wortz. She stated that Roberts's concealment was a "flagrant violation of the rules regarding discovery and the duties of parties and those acting on their behalf to act with candor and honesty before the courts of the State of Arkansas."

On July 7, 2015, Roberts filed a motion to continue the July 13, 2015 trial date based on his need for immediate heart surgery. On July 8, 2015, the court continued the trial date.

On July 23, 2015, Roberts responded to Wortz's motion to dismiss denying any effort to conceal his 2014 criminal indictment and his guilty plea. He asserted that (1) he had truthfully responded to Wortz's interrogatory at the time; (2) his new criminal conviction had no bearing on the merits of his civil lawsuit; (3) he sought continuances in the criminal proceedings because of his health condition, not to hide the charges; (4) the July 8, 2015 continuance in the civil case precluded any risk of prejudice; (5) criminal filings are of public record and Wortz could have accessed them; and (6) given more time, he would have disclosed the plea agreement.

On August 17, 2015, the court entered an order dismissing Roberts's complaint with prejudice. The court found:

> [Roberts] ignored his duty to supplement under the rule and fails in his pleading to offer any rationale for this failure. The fact that the charge was merely pending until [Roberts's] change of plea, as argued by [Roberts] is irrelevant as what was sought was the identification of civil and criminal lawsuits to which [Roberts] was a party.
> . . . .
> The Court notes that this is the second discovery violation during the pendency of this case. The first was characterized by the Court as inadvertent at the time of its discovery. Subsequent events cast doubt on that characterization. The facts at issue in this motion leave little doubt in the Court's mind that [Roberts] and his counsel deliberately and deceitfully withheld discoverable material from opposing

counsel. By both acts of commission and omission, they repeatedly concealed, or attempted to conceal, the existence of [Roberts's] indictment. The arguments in support of those actions could not be weaker or more disingenuous. In almost nine (9) years on the bench the Court cannot recall of another case involving a more egregious or willful discovery violation.

It is incorrect to say no prejudice resulted as a result of [Roberts's] actions. As a result of such a long-standing violation, and active attempts to perpetuate the violation, neither the Court nor [Wortz] can rely on any representation made by [Roberts] during the course of this litigation. [Roberts] puts forth the position that [Wortz] is on her own in locating public records related to discovery requests. He also asserts that his interpretation of what is admissible trumps a plain discovery request. How can the Court or [Wortz] be confident a fair trial is being held in light of these bizarre positions put forth by [Roberts]? The Court cannot take the position that because a party gets away with a discovery violation for a year, only to be then discovered, there is no price to be paid.

Because of what the Court perceives to be a willful, long-running and serious discovery violation, it is of the opinion that only one remedy is appropriate.

On September 16, 2015, Roberts filed a notice of appeal of the August 27, 2015 dismissal order.

The imposition of sanctions for the failure to provide discovery rests in the circuit court's discretion, and our appellate courts have repeatedly upheld the circuit court's exercise of such discretion in fashioning severe sanctions for flagrant discovery violations. *Calandro v. Parkerson*, 333 Ark. 603, 970 S.W.2d 796 (1998); *Terrell v. Hager*, 2014 Ark. App. 48. There is no requirement that the circuit court make a finding of willful or deliberate disregard under the circumstances before sanctions may be imposed for the failure to comply with the discovery requirements. *Calandro*, 333 Ark. 603, 970 S.W.2d 796; *Terrell*, 2014 Ark. App. 48. A court commits an abuse of discretion when it improvidently exercises its discretion; for example, when discretion is exercised thoughtlessly and without due consideration. *Ross Sys., Inc. v. Advanced Envtl. Recycling Techs., Inc.*, 2011 Ark. 473. This court gives due deference to a circuit court who is in a superior position to judge

actions or motives of the litigants, and we will not second-guess its ruling. *Lake Village Health Care Ctr., LLC v. Hatchett*, 2012 Ark. 223, 407 S.W.3d 521.

Arkansas Rule of Civil Procedure 26(e) states that "[a] party is under a duty to seasonably amend a prior response to an interrogatory, request for production, or request for admission." Rule 37(e) states that "[i]f a party fails to supplement responses seasonably as required by Rule 26(e), and another party suffers prejudice, then upon motion of the prejudiced party made before or at trial, the court may make any order which justice requires to protect the moving party, including but not limited to imposing any sanction allowed by subdivision (b)(2)(A)-(C)." Rule 37(b)(2)(C) states that a court may make an order "dismissing the action or proceeding or any part thereof, or render a judgment by default against the disobedient party."

In this case, Roberts argues that the circuit court abused its discretion in dismissing his complaint for failing to supplement his discovery response because Wortz cannot show she was prejudiced by the failure. He points out that the court had already continued the trial date and claims the continuance eliminated all risks of prejudice to Wortz. Roberts further asserts that Wortz cannot establish prejudice because his federal indictment was ancillary to his claim for negligence, and even so, his indictment and conviction were public information that Wortz could have discovered on her own initiative. He further claims that his failure was inadvertent and that dismissal is grossly disproportionate to the violation.

We disagree and hold that the circuit court did not abuse its discretion in dismissing Roberts's complaint for the discovery violation. The circuit court in its order of dismissal specifically found that Roberts's failure to supplement his response prejudiced Wortz. The

court stated, "It is incorrect to say no prejudice resulted as a result of [Roberts's] actions. As a result of such a long-standing violation, and active attempts to perpetuate the violation, neither the Court nor [Wortz] can rely on any representation made by [Roberts] during the course of this litigation." The court further found that Roberts's failure to supplement was "deliberate" and "deceitful" and that his excuses for the failure were "disingenuous" and "bizarre."

While the dismissal of a complaint with prejudice is obviously a severe sanction, dismissal is a sanction expressly provided for under Rule 37 when a party fails to comply with an order to provide discovery, and it is crucial to our judicial system that circuit courts retain the discretion to control their dockets. *Ramsey v. Dodd*, 2015 Ark. App. 122, 456 S.W.3d 790. "[Roberts], as plaintiff, chose to utilize the court system to redress wrongs that had allegedly been done to [him]. When invoking such aid, a plaintiff should be prepared and willing to follow the rules that keep the system running in an orderly and efficient manner." *Id.* at 7, 456 S.W.3d at 794 (quoting *Calandro*, 333 Ark. at 608, 970 S.W.2d at 799). The circuit court was in a superior position to judge Roberts's actions and motives, and we will not second-guess its ruling in this case. Accordingly, we hold that the circuit court's detailed and well-reasoned order dismissing Roberts's case with prejudice was a proper exercise of its discretion.

Affirmed.

GLADWIN and GLOVER, JJ., agree.

*Chaney Law Firm, P.A.*, by: *Don P. Chaney*, for appellant.

*Huckabay Law Firm, PLC*, by: *D. Michael Huckabay, Jr.*, and *Kathryn B. Knisley*, for appellee.