

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-16-895

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, AND FEDERAL HOME LOAN MORTGAGE CORPORATION<br><br>APPELLANTS<br><br>V.<br><br>JAMIE T. MICKNA<br><br>APPELLEE | **Opinion Delivered:** September 6, 2017<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72CV-14-28]<br><br>HONORABLE CRISTI BEAUMONT, JUDGE<br><br>AFFIRMED |

## MIKE MURPHY, Judge

Ocwen Loan Servicing, LLC (Ocwen), and Federal Home Loan Mortgage Corporation (Freddie Mac) appeal the June 16, 2016 Washington County order dismissing their action against Jamie Mickna for priority determination, rescission, and foreclosure of a certain mortgage and note secured by property owned by Mickna. We affirm.

In December 2009, Ocwen statutorily foreclosed on certain Washington County property that was owned by Jamie Mickna and secured by a mortgage held by Ocwen. Mickna had acquired the property in 2005. Ocwen was the high bidder at the foreclosure sale and conveyed its interest to Freddie Mac. Ocwen then filed an affidavit of rescission in May 2011 to rescind the original foreclosure and transfer ownership back to Mickna.

Subsequently, in July 2012, Ocwen petitioned for judicial foreclosure. That action was dismissed without prejudice for insufficient and ineffective service of process because

Ocwen failed to conduct a diligent inquiry into the whereabouts of Mickna prior to applying for permission to serve by warning order.

Ocwen filed a second petition for judicial foreclosure in 2014, adding Freddie Mac as a party. Mickna filed a motion to dismiss, arguing that the action was filed beyond the applicable statute-of-limitations period. Ocwen and Freddie Mac then amended their complaint. On October 31, 2014, the circuit court's staff attorney emailed the parties to let them know that the court had decided to grant Mickna's motion to dismiss, and directed Mickna's counsel to prepare an order to that effect. After receiving this email, but before the judge could review and sign the order, the appellants filed another amended complaint and removed the case to federal court. *See Ocwen Loan Servicing, LLC v. Mickna*, No. 5:14-CV-05330, 2015 WL 685264 (W.D. Ark. Feb. 17, 2015).

At the motion hearing in federal court, however, counsel for Freddie Mac apparently admitted "that removal was sought because his client disagreed with Judge Beaumont's decision . . . [and] desired a second bite at the apple." *Id*. Calling it "forum shopping at its worst," the federal court remanded the case. *Id*. Upon remand, the trial court permitted the appellants to supplement their response to the motion to dismiss. The trial court then ultimately denied Mickna's motion.

Thereafter, Mickna served interrogatories on Ocwen and Freddie Mac, requesting, among other things, the identities of individuals with knowledge of the matter and the identities of potential witnesses. Ocwen and Freddie Mac each objected, more or less, on the ground that the interrogatories were "unduly burdensome," and both provided, without

waiving any objections, that Ocwen would designate a corporate witness "who possesses information relevant to the claims in this case."

Trial was set for February 11, 2016, with discovery due sixty days prior. The appellants did not supplement their discovery responses. On December 28, 2015, nonparty Residential Credit Solutions (RCS) moved to be substituted as a plaintiff and for a continuance. RCS claimed that Ocwen had transferred the note in this case to RCS and it needed adequate time to prepare for trial. The trial was continued to May 19, 2016. On March 17, 2016, Ocwen and Freddie Mac served supplemental discovery responses and updated answers. These mirrored the former, except that they now indicated that yet another third party, Ditech Financial, LLC (Ditech), was actually servicing the loan.

Mickna filed a motion to dismiss on April 4, 2016, under Arkansas Rule of Civil Procedure 41(b) for failure to comply with the court's discovery deadlines. The same day, nonparty Ditech and Ocwen jointly moved for another continuance, so that now Ditech could have time to sufficiently prepare. The circuit court denied the motion and ordered mediation. Mickna and a representative from Ditech appeared at the mediation, but no representative was there on behalf of Ocwen or Freddie Mac. Mediation was unsuccessful.

On the morning of trial, counsel for Ocwen and Freddie Mac withdrew their motion to substitute RCS based on the discovery that Ocwen had not yet endorsed the note to RCS, and Freddie Mac and Ocwen were the appropriate plaintiffs all along. The appellants advised they were ready to proceed in Ocwen's name but that they would prefer a continuance to allow the endorsement from Ditech to occur so that Ditech may be

substituted as the proper party. The circuit court denied the requests and granted Mickna's

motion to dismiss.

Because the action had been dismissed once before, the second dismissal necessarily

operated as a dismissal with prejudice. This appeal followed.

Despite Mickna's motion being styled as a Rule 41(b) motion, the circuit court

decided to treat it as one under Arkansas Rule of Civil Procedure 37(e) instead, granting it

and dismissing the appellants' complaint.

Arkansas Rule of Civil Procedure 37(e) provides that

> [i]f a party fails to supplement responses seasonably as required by Rule 26(e), and another party suffers prejudice, then upon motion of the prejudiced party made before or at trial, the court may make any order which justice requires to protect the moving party, including but not limited to imposing any sanction allowed by subdivision (b)(2)(A)−(C) of this rule.

The imposition of sanctions pursuant to Arkansas Rule of Civil Procedure 37 rests

in the trial court's discretion. *Ramsey v. Dodd*, 2015 Ark. App. 122, 456 S.W.3d 790. "It is

crucial to our judicial system that trial courts retain the discretion to control their dockets,

and imposition of discovery sanctions is one method to facilitate that function." *Lake Village

Health Care Ctr., LLC v. Hatchett*, 2012 Ark. 223, 407 S.W.3d 521. The trial court is in a

superior position to judge the actions and motives of the litigants, and the trial court's rulings

should not be second-guessed. *Id.* Accordingly, we review the imposition of sanctions, even

severe ones, under an abuse-of-discretion standard. *Ramsey*, 2015 Ark. App. 122, at 4–5,

456 S.W.3d at 793. A court commits an abuse of discretion when it acts thoughtlessly,

improvidently, or without due consideration. *Id.*

On appeal, Ocwen and Freddie Mac first argue that their interrogatory answers were sufficient because their answers provided that they "will designate a corporate witness who possesses information relevant to the claims in this case" and later, in supplemental responses, they "identified corporate representatives of additional entities, including Residential Credit Solutions, Ditech Mortgage, Inc., and Mortgage Electronic Registration Systems as persons with knowledge of the claims and as potential witnesses." Even this supplemental discovery, however, failed to name an actual witness or person with knowledge of the matter. Arkansas Rule of Civil Procedure 26 provides that the duty to supplement requires "supplying supplemental information about the identity and location of persons having knowledge of discoverable matters, the identity and location of each person expected to be called as a witness at trial, and the subject matter and substance of any expert witness's testimony."

From the bench, the court explained that neither it nor Mickna knew the identity of the proper plaintiff due to plaintiffs' counsel's inconsistent representations; that the case had gone on for years because of plaintiffs' deceptive and manipulative actions and inactions; and that it was "offensive" that, over the course of those years, plaintiffs could not provide answers to "standard, simple interrogatories, such as 'name the people with information' and 'provide their phone numbers.'"

Ocwen and Freddie Mac next argue that there is no evidence that the objections were made in bad faith and that Mickna never consulted them about the objections or filed a motion to compel. However, "[t]here is no requirement under Rule 37, or any of our rules of civil procedure, that the trial court make a finding of willful or deliberate disregard under the circumstances before sanctions may be imposed for the failure to comply with the

discovery requirements." *Calandro v. Parkerson*, 333 Ark. 603, 970 S.W.2d 796 (1998). Furthermore, nothing in Rule 37(e) states an order to compel must be entered before sanctions may be imposed, nor do the appellants make any argument that one must be. Assignments of error that are unsupported by convincing argument or authority will not be considered on appeal unless it is apparent without further research that they are well taken. *Israel v. Oskey*, 92 Ark. App. 192, 201, 212 S.W.3d 45, 51 (2005).

The appellants next argue that Mickna did not suffer any prejudice as contemplated in Rule 37(e), and thus dismissal was improper.

The court, however, found that Mickna had been prejudiced, in part, because it had been eight years since the alleged default, during which time Mickna filed for bankruptcy. From the bench, the court explained that "[Mickna] can't defend because he doesn't know who the witnesses are who can help him, and he does not know who the true Plaintiff is." In its thirteen-page order that followed, the court elaborated, providing as follows:

> The evidence before the Court is that the Plaintiffs failed to make good faith objections in response to valid, properly served discovery requests with respect to the names, addresses and phone numbers of persons with knowledge of the case. Likewise, the Plaintiffs further, in direct violation of Ark. R. Civ. P. 37(e), failed to properly supplement discovery when it refused and failed to provide the names of individuals who may have knowledge of the case, and refused and failed to provide the names of anticipated witnesses or up to date documentary evidence in a timely fashion prior to trial with full and complete answers to discovery requests.

> Finally, The Plaintiffs did not include information in the form of discovery supplementation about who the actual Plaintiff would be on the date of trial. Pursuant to Ark. R. Civ. P. 37(e), and after due consideration to all of the history (supra) having transpired in this case from its original commencement in 2012, the Court finds that the Separate Defendant Jamie Todd Mickna was prejudiced in his ability to prepare an adequate defense to the claim against him for foreclosure. Dismissal, as a sanction under Ark. R. Civ. P. 37(e), is proper and warranted given the extreme disregard for the Court and for its rules.

After review, it is apparent the circuit court did not make the decision to dismiss this case lightly, and we conclude that the trial court acted thoughtfully and with due consideration. The circuit court was in a superior position to judge the appellants' actions and motives, and we will not second-guess its ruling in this case.

Appellants' next arguments necessarily regard the court's alternate rulings in the event that Rule 37 was not an appropriate vehicle for dismissal. Because we hold that dismissal under Rule 37 was not an abuse of discretion, the corresponding arguments need not be addressed here.

Finally, Ocwen and Freddie Mac argue that the circuit court erred in ordering Freddie Mac to execute a warranty deed as a part of the final order dismissing the case. A review of the record, however, does not indicate that this issue is preserved for our review. It is well settled that this court will not consider arguments raised for the first time on appeal. *Patel v. Patel*, 2015 Ark. App. 726, at 5, 479 S.W.3d 580, 584. Unless a party has no opportunity to object to a ruling of the circuit court, an objection must be made at the time of the ruling, and the objecting party must make known to the court the action desired and the grounds of the objection. *Id.* Appellants do not argue that they were denied an opportunity to object; therefore, we cannot address their challenge to the warranty deed due to their failure to raise it below. *See id.*

Affirmed.

KLAPPENBACH and VAUGHT, JJ., agree.

*Baker, Donelson, Bearman, Caldwell & Berkowitz, PC*, by: *Jay A. Ebelhar*, for appellants.

*Keith, Miller, Butler, Schneider & Pawlik, PLLC*, by: *Mason L. Boling* and *George M. Rozzell IV*, for appellee.